IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00383 |
| | § | |
| SUNLIGHT ENTERPRISES CO., INC., | § | |
| TITO PORRAS, and SANDRA PORRAS, | § | |
| | § | |
| Defendants. | § | |

### RLI INSURANCE COMPANY'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES RLI Insurance Company ("RLI") and files this its Original Complaint complaining of Defendants Sunlight Enterprises Co., Inc., Tito Porras, and Sandra Porras (collectively referred to herein as "Defendants") as follows:

### I.
### PARTIES

1. Plaintiff RLI is a corporation incorporated pursuant to the laws of the State of Illinois with its principal place of business in Peoria, Illinois. Thus, RLI is a citizen of the State of Illinois.

2. Defendant Sunlight Enterprises Co., Inc. ("Sunlight") is a Texas corporation with its principal place of business in El Paso, Texas, and may be served with process by serving its registered agent, Sandra Porras, at 7250 Brogan, Suite A, El Paso, Texas 79915. Thus, Sunlight is a citizen of the State of Texas.

3. Defendant Tito Porras is an individual resident of the State of Texas who may be served with process at 4719 Frankfort Street, El Paso, Texas 79903, or wherever he may be found. Mr. Porras is therefore a citizen of the State of Texas.

4. Defendant Sandra Porras is an individual resident of the State of Texas who may be served with process at 4719 Frankfort Street, El Paso, Texas 79903, or wherever she may be found. Mrs. Porras is therefore a citizen of the State of Texas.

## II.
## JURISDICTION

5. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## III.
## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this judicial district.

## IV.
## FACTUAL BACKGROUND

7. On or about June 23, 2009, Defendants executed an Agreement of Indemnity in favor of RLI. The Agreement of Indemnity was executed and delivered to RLI as consideration for the issuance of certain surety bonds on behalf of Defendants. A true and correct copy of the Agreement of Indemnity is attached hereto as Exhibit 1 and incorporated herein for all purposes.

8. In reliance upon the Agreement of Indemnity and at the request of Defendants, RLI issued certain surety bonds on behalf of Defendants. More specifically, RLI issued Performance and Payment Bonds naming Sunlight as principal (the "Bonds") on the following construction project (the "Project"):

       Bond No.: SSB0417261
       Obligee: The County of El Paso
       Project: El Paso County Sportspark

9.      On or about April 8, 2014, the County of El Paso (the "County"), the Project obligee, terminated Sunlight from the Project. The County made demand on RLI to complete the Project, and sued RLI under the Performance Bond in that certain lawsuit styled *Sunlight Enterprises Co., Inc. v. El Paso County v. Parkhill, Smith & Cooper, Inc. and RLI Insurance Company*, Cause No. 2014DCV3555, in the 346th Judicial District Court, El Paso County, Texas (the "Lawsuit"). As a result, RLI incurred substantial losses in connection with the Bonds, the Project, and the Lawsuit. To date, RLI's losses incurred in connection with the Project and the Lawsuit as a result of issuing the Bonds on behalf of Defendants and pursuing its rights under the Agreement of Indemnity are $162,751.98.

10.     Pursuant to the Agreement of Indemnity, attached hereto as Exhibit 1, Defendants agreed, in relevant part, as follows:

> SECOND: The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) in enforcing any of the covenants and conditions of this Agreement.
>
> Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety or equal to such amounts as the Surety, and its sole judgment, deems sufficient to protect it from loss or potential loss. In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for

    the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

Exhibit 1 at Paragraph SECOND.

11. RLI has made demand upon Defendants that they honor their obligations under the Agreement of Indemnity. Defendants have failed and refused to comply with such demand and honor their obligations under the Agreement of Indemnity.

## V.
## COUNT ONE
### BREACH OF THE AGREEMENT OF INDEMNITY

12. RLI incorporates and realleges the factual allegations in Paragraphs 1-11 above as if fully copied herein.

13. RLI has demanded that Defendants honor their obligations under the Agreement of Indemnity to, among other things, indemnify and hold RLI harmless from any and all liability, loss, costs, attorney's fees and expenses. Despite such demand, Defendants have failed and refused to honor their obligations under the Agreement of Indemnity.

14. As a result of Defendants' breach of the Agreement of Indemnity, RLI has sustained losses and expenses, including, but not limited to attorneys' fees, and will continue to sustain losses and expenses through the trial of this matter.

15. Pursuant to the clear terms of the Agreement of Indemnity, RLI is entitled to judgment for indemnity against Defendants for all of RLI's losses and expenses, including, but not limited to, attorney's fees, incurred as a result of issuing the Bonds to Defendants and pursuing its right of indemnification.

## VI.
## COUNT TWO
### ATTORNEYS' FEES

16. RLI incorporates and realleges the factual allegations in Paragraphs 1-15 above as if fully copied herein.

17. Defendants are obligated to indemnify RLI pursuant to the Agreement of Indemnity, but Defendants have failed to carry out their obligations. As a result of Defendants' failure to honor their obligations under the Agreement of Indemnity, RLI has been compelled to engage the law firm of Clark Hill Strasburger to bring this action against Defendants for enforcement of the Agreement of Indemnity.

18. Pursuant to the terms of the Agreement of Indemnity, RLI is entitled to recover from Defendants attorney's fees incurred, not only in the prosecution of this suit, but in the investigation and response to the claims asserted against the Bonds issued by RLI in connection with the Project and in defending the Lawsuit.

19. In addition to its right to attorney's fees under the Agreement of Indemnity, RLI is entitled to reasonable attorney's fees in addition to the amount of its damages suffered as a result of Defendants' breach of contract pursuant to § 38.001 of the Texas Civil Practice & Remedies Code.

## VII.
## COUNT THREE
### COSTS AND INTEREST

20. RLI incorporates and realleges the factual allegations in Paragraphs 1-19 above as if fully copied herein.

21. Additionally, RLI is entitled to recover from Defendants, jointly and severally, all costs of court, plus pre-judgment and post-judgment interest at the maximum legal rate allowed by law.

## VIII.
## **CONDITIONS PRECEDENT**

22. All conditions precedent to RLI's entitlement to assert the above claims and causes of action have occurred or have been satisfied, waived, or excused.

WHEREFORE, Plaintiff RLI Insurance Company requests that Defendants be cited to appear and answer and that upon final hearing or trial that the Court enter judgment against Defendants, jointly and severally, and in favor of RLI for all losses and expenses, including, but not limited to, attorney's fees, incurred by RLI through the time of trial; enter judgment that RLI recover its costs, pre- and post-judgment interest at the maximum amount allowed by law; and award RLI such other and further relief at law or in equity to which it is justly entitled.

Respectfully Submitted,

*/s/ Christopher R. Ward*
CHRISTOPHER R. WARD
State Bar No. 24008233
christopher.ward@clarkhillstrasburger.com
ANDREW F. CARTER
State Bar No. 24069478
andrew.carter@clarkhillstrasburger.com
CLARK HILL STRASBURGER
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Telephone:   (214) 651-4722
Facsimile:    (214) 659-4108

ATTORNEYS FOR PLAINTIFF
RLI INSURANCE COMPANY